**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **QONDUIT, LLC,**<br><br>        Plaintiff,<br><br> v.<br><br>**SECURIAN FINANCIAL SERVICES, INC.,**<br><br>        Defendant. | Case No. 6:14-cv-844<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Qonduit, LLC files this Complaint against Defendant Securian Financial Services, Inc., for infringement of United States Patent Nos. 5,655,085 (the "'085 Patent") and 5,673,402 (the "'402 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff Qonduit, LLC ("Plaintiff" or "Qonduit") is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 719 W. Front Street, Suite 211, Tyler, Texas 75702.

4. Upon information and belief, Defendant Securian Financial Services, Inc. ("Defendant") is a Minnesota corporation with a principal office located at 400 Robert Street, North, St. Paul, MN 55101.  This Court has personal jurisdiction over Defendant because

Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.  Specifically, and without limitation, Defendant is registered with the Financial Industry Regulatory Authority (FINRA), and Defendant is registered as a dealer or investment adviser with the Texas State Securities Board.  Defendant's Central Registration Depository (CRD) number with FINRA is 15296, and Defendant's File Number with the Texas State Securities Board is 19989.

5. On information and belief, Defendant has one or more offices in the Eastern District of Texas which constitute a regular and established place of business and where Defendant has committed acts of infringement.

## VENUE

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this District, Defendant has a regular and established place of business in this District, and Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 5,655,085)

7. Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

9. Plaintiff is the owner by assignment of the '085 Patent with sole rights to enforce the '085 Patent and sue infringers.

10. A copy of the '085 Patent, titled "Computer System for Automated Comparing of Universal Life Insurance Policies Based on Selectable Criteria," is attached hereto as Exhibit A.

11. The '085 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

12. The '085 Patent is a prominent patent in the insurance and financial services field. This is evidenced in part by the extent to which the '085 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The '085 Patent has been forward-cited in more than 290 subsequently-issued U.S. patents to date in patents originally assigned to companies in wide variety of industries, including insurance, financial services, computers and other technology, and IT consulting services. The '085 Patent has been forward-cited in U.S. patents issued to such prominent companies as JPMorgan Chase (more than 40 times), Teradata (more than 20 times), Computer Sciences Corporation (CSC) (more than 20 times), Genworth (more than 20 times), Accenture (14 times), SAP (10 times), The Hartford (8 times), Travelers (6 times), Bank of America (4 times), USAA (4 times), Progressive, Aetna, Citibank, ESpeed, Fannie Mae, Ford, HP, Hitachi, IBM, Lincoln National, Marsh, Mass Mutual, New York Life, Oracle, Swiss Re, and Versata.

### **(Direct Infringement)**

13. Defendant makes, has made, and/or uses a network-based computer system to accomplish the sale, processing and maintenance of universal life and variable universal life insurance policies, in compliance with applicable state and federal regulations for such policies (the "Accused Instrumentalities for the '085 Patent").

14. Defendant has infringed and continues to directly infringe one or more claims of the '085 Patent, including at least claim 1, by making, having made, and/or using the Accused Instrumentalities for the '085 Patent as described in paragraph 13 above.

15. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

16. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT II
### (INFRINGEMENT OF UNITED STATES PATENT NO. 5,673,402)

17. Plaintiff incorporates paragraphs 1 through 6 herein by reference.

18. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

19. Plaintiff is the owner by assignment of the '402 Patent with sole rights to enforce the '402 Patent and sue infringers.

20. A copy of the '402 Patent, titled "Computer System for Producing an Illustration of an Investment Repaying a Mortgage," is attached hereto as Exhibit B.

21. The '402 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

22. The '402 Patent is a prominent patent in the insurance and financial services field. This is evidenced in part by the extent to which the '402 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The '402 Patent has been forward-cited in more than 140 subsequently-issued U.S. patents to date, in patents originally assigned to such prominent companies as Computer Sciences Corporation (CSC) (20 times), Accenture (9 times), Genworth (7 times), Fannie Mae (4 times), Bank of America (3 times), Met Life (3 times), Capital One (2 times), Citibank (2 times), Goldman Sachs (2 times), JPMorgan Chase (2 times), Safeco (2 times), USAA (2 times), Wells Fargo (2 times), BMO, Freddie Mac, Intuit, Liberty Mutual, Mass Mutual, and Swiss Re.

**(Direct Infringement)**

23. Defendant makes, has made, and/or uses a network-based computer system to accomplish the sale, processing and maintenance of insurance policies that contain provisions regarding the repayment of a mortgage (*e.g.*, mortgage riders, mortgage life insurance, mortgage protection, mortgage coverage) and produce illustrations relating to such policies (the "Accused Instrumentalities for the '402 Patent").

24. Defendant has infringed and continues to directly infringe one or more claims of the '402 Patent, including at least claim 28, by making, having made, and/or using the Accused Instrumentalities as described in paragraph 23 above.

25. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

26. Plaintiff is in compliance with 35 U.S.C. § 287.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to:

a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b) Enjoin Defendant, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 5,655,085 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

c)  Enjoin Defendant, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 5,673,402 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

d)  Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

e)  Declare this an "exceptional case" pursuant to 35 U.S.C. § 285 and award Plaintiff its attorney's fees and any other appropriate relief;

f)  Award Plaintiff pre-judgment and post-judgment interest and costs; and

g)  Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated:  November 7, 2014                        Respectfully submitted,

  */s/ Craig Tadlock*
Craig Tadlock
State Bar No. 00791766
John J. Harvey, Jr.
State Bar No. 09179770
Keith Smiley
State Bar No. 24067869
TADLOCK LAW FIRM PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
903-730-6789
craig@tadlocklawfirm.com
john@tadlocklawfirm.com
keith@tadlocklawfirm.com

***Attorneys for Plaintiff Qonduit, LLC***